UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 18 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JAVIER ROBLEDO LUERA | * | |
| VS | * | C.A. NO. B96 239 |
| UNITED STATES OF AMERICA | * | (Cr. No. B91-241) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Petitioner's, JAVIER ROBLEDO LUERA, Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. Ordered to respond, the Government has moved for summary judgment.

The Honorable Filemon B. Vela, District Judge, having jurisdiction over the above-styled and numbered proceeding, has directed this Court to consider the matter and file a report and recommendation herein. This Court has read the parties' pleadings, considered the issues raised in light of the record and applicable law, and is of the opinion that Respondent's Motion for Summary Judgment should be granted and Petitioner's Motion should be

2

dismissed. In support of the aforementioned conclusion, this Court files the following findings of fact and conclusions of law.

### Findings of Fact

1. Petitioner was indicted on January 21, 1992, in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal Number B-91-241, for conspiring to possess in excess of 100 kilograms of marihuana with intent to distribute (count 8), and for aiding and abetting in the possession of approximately 900 kilograms of marihuana with intent to distribute (count 9) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 18 U.S.C. § 2.

2. He entered a plea of guilty to the substantive count and the conspiracy count was dismissed on motion of the government. After adopting the presentence report, the court sentenced Petitioner to 168 months confinement, a four-year term of supervised release and ordered him to pay a $50 special assessment.

3. Petitioner did not appeal his conviction or sentence; and, in a document filed on July 8, 1992, he informed the

court that he had consulted with his attorney and did not wish to appeal his sentence.

4. On December 23, 1996, over 4 years after his conviction became final, Petitioner initiated the present proceedings. Petitioner raises the following allegations in support of his motion to vacate sentence:

1. His criminal history score was improperly calculated.

2. He should not have been given a three-level increase in his offense level due to his role in the offense.

3. He should have been awarded a downward adjustment for acceptance of responsibility.

4. He was denied his right to effective assistance of counsel at sentencing due to his attorney's failure to urge the above claims at sentencing.

## Conclusions of Law

1. All of Petitioner's claims derive from alleged misapplication of the sentencing guidelines and his attorney's failure to raise such claims at sentencing. Because Petitioner's sentencing issues could have been raised on direct appeal, he must demonstrate cause and prejudice for his procedural default in failing to raise

4

them on direct appeal. <u>United States v. Gaudet</u>, 81 F.3d 585, 589 (5th Cir. 1996).

2. The cause and prejudice standard is significantly more rigorous than even the plain error standard applied on direct appeal. <u>Id.</u> at 589. The "cause" standard requires a showing that "some objective factor external to the defense" prevented the defendant from raising on direct appeal the claim advanced in the § 2255 proceeding. <u>United States v. Guerra</u>, 94 F.3d 989, 993 (5th Cir. 1996).

3. An attorney's failure to pursue an appeal does not constitute ineffective assistance of counsel where a defendant waives his right to appeal. <u>See</u> <u>United States v. Gipson</u>, 985 F.2d 212, 216 (5th Cir. 1993). "Waiver of the right to appeal 'requires that there be knowledge of the right to appeal and a failure to make known the desire to exercise that right.'" <u>Id.</u> (citing <u>Meeks v. Cabana</u>, 845 F.2d 1319, 1322 (5th Cir. 1988) and <u>Norris v. Wainwright</u>, 588 F.2d 130, 137 (5th Cir. 1979)). As reflected in the instrument filed on July 8, 1992 and signed by LUERA and his attorney, LUERA was aware of his right to appeal and chose not to pursue an appeal.

5

Therefore, Petitioner has not established cause for his procedural default.

4. "[A] district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." <u>United States v. Walker</u>, 68 F.3d 931, 934 (5th Cir. 1995); <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992). Petitioner has failed to allege facts which, if true, would entitle him to relief.

Because of the foregoing, this Court respectfully recommends that Respondent's Motion for Summary Judgment be **granted** and Petitioner's Motion to Vacate, Set Aside or Correct Sentence be **denied.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

6

result from a failure to object.  <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 17TH day of March, 1999.

```
                          John Wm. Black
                    United States Magistrate Judge
```