*16*

United States District Court
Southern District of Texas
ENTERED

JUN 0 8 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff-Appellee | § | |
| | § | B-96-CV-239 |
| vs. | § | |
| | § | B-91-CR-241 |
| JAVIER ROBLEDO LUERA | § | |
| Defendant-Appellant | § | |

## ORDER

The above referenced cause of action was remanded from the Fifth Circuit Court of Appeals.  Upon remand, this Court was directed to determine whether Robledo Luera was denied the effective assistance of counsel at sentencing.

The Court has reviewed the  Presentence Investigation Report ("Report") and a record of the sentencing hearing.  The sentencing transcript reveals that after being asked by the Court, the Defendant himself stated that he found nothing incorrect with the  Report.  Defense counsel likewise did not object to the Report and found no reason it should not be adopted and made a part of the record.  The Defendant complains that his attorney failed to raise questions about 1.) his adjustment for role in the offense 2.) his adjustment for acceptance of responsibility and 3.) his criminal history category.

The Court agrees that the adjustment for role in the offense from the facts that were available would lead to another interpretation but, does not measure to categorize defense counsel's performance in that regard as being ineffective.  Notwithstanding, a review of the evidence regarding the adjustment for role in the offense would not appear to warrant a characterization for "manager" or "supervisor" as defined by §3B1.1(b).  But, accordingly does

ClibPDF - www.fastio.com

conform to the criteria in §3B1.1(c). Therefore, the points imposed for adjustment for role will be reduced from three to two points. As a result of this one point reduction, the Defendant's offense level will now be calculated under an offense level of thirty-two under the Sentencing Guidelines. Consequently, an offense level of thirty-two and a criminal history category of III subjects the Defendant to a range of imprisonment from 151-188 months. The Court hereby **ORDERS** that the Defendant be sentenced to **151 months** as per the low end agreement. This Order shall substitute the prior judgment entered in this case.

With regard to an adjustment for acceptance of responsibility, this Court does not find such an adjustment to be warranted. At page nine paragraph forty-five of the Report, independent of any advocacy in which defense counsel could have engaged, there is not a revelation by which under any circumstances the Defendant accepted his responsibility. In connection with this issue, I do not find that counsel was ineffective.

As pertains to the complaint regarding criminal history, a review of all the matters related to the same corroborate the legal determination of the score which was imposed. Such a scheme is factually submitted in regard to prior convictions and current imposition of parole, probation, or a supervised release term. These factors are governed by operation of law and cannot be changed because of advocacy. Under these circumstances the issue of ineffective assistance of counsel is not properly before the Court.

In compliance with the instruction of the Fifth Circuit Court of Appeals, the present is submitted as this Court's review of the sentencing matters related to the Defendant and only with the modification that is hereby ORDERED. It is respectfully submitted that there should be no further relief granted.

DONE this _____ day of June, 2000 in Brownsville, Texas.


Filemon B. Vela
United States District Judge

ClibPDF - www.fastio.com